

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 1, 1939

Hon. Leo Fresnell
County Attorney
Upshur County
Gilmer, Texas

Dear Sir:

                    Opinion No. 0-899
                    Re: House Bill 866, 46th Legislature
                        of Texas - Article 3, Section 56,
                        Texas Constitution.

          Your request for opinion upon the following
question:

               "Under H. B. 866, 46th Leg., would
          the commissioners' court be justified in
          requiring an itemized account of each com-
          missioner's expenses for the month, or
          merely approve and issue voucher for the
          full amount on a blanket requisition?"

has been received by this department.

               House Bill No. 866 of the 46th Legislature
of Texas, effective April 20, 1939, reads as follows:

               "Sec. 1.  County Commissioners - Tra-
          vel Expenses.  In all counties in this
          state having a population of not less than
          twenty-two thousand, one hundred (22,100)
          nor more than twenty-two thousand, five hun-
          dred (22,500) according to the last preced-
          ing Federal Census, the commissioners' court
          of such county is hereby authorized to issue
          each commissioner the sum of fifty dollars
          ($50.00) per month for traveling expenses
          while on official business.  Said money to

Hon. Leo Fresnell, June 1, 1939, Page 2

be paid out of the general fund of said
county.

"Sec. 2. Emergency. The fact that
county commissioners in certain counties
must travel extensively on official business
and the fact that there is no appropriation
made by law to care for such expenses, create
an emergency and an imperative public necess-
ity that the constitutional rule requiring
bills to be read on three several days in
each House be suspended, and the same is
hereby suspended, and this act shall take
effect and be in force from and after its
passage, and it is so enacted."

Upshur County, Texas, according to the last
preceding Federal Census of 1930, has twenty-two thou-
sand, two hundred and nine-seven (22,297) inhabitants.
Upshur County, Texas, is the only county in Texas coming
within the population brackets set out in House Bill
866 of the 46th Legislature, above quoted.

At the very outset of this opinion, we are con-
fronted with the question of the constitutionality of
House Bill 866 of the 46th Legislature of Texas, above
quoted. The question arises as to whether or not this
act is a local or special law regulating the affairs of
counties in violation of Article 3, Section 56 of the
Constitution of Texas.

The case of Altgelt vs. Guzeit, 201 SW 400,
holds that Bexar County Road Law, providing for an annual
salary for commissioners of county for acting in all
capacities, was unconstitutional, as an attempted regula-
tion of county affairs by local and special law.

The case of Smith vs. State, 49 SW 2nd 739,
holds that the constitutional prohibition against special
laws cannot be evaded by making law applicable to a pre-
tended class and that a statute classifying municipalities
by population is "special" if population does not afford

Hon. Leo Presnell, June 1, 1939, Page 3

fair basis for classification but statute merely designates single municipality under guise of classifying by population. We quote from said case as follows:

"A consideration of the classification created by the act involved in the present case in the light of Article 3, Section 56 of the Constitution, primarily calls for the application of the rule that the Legislature cannot evade the prohibition of the Constitution by making a law applicable to a pretended class, which is as manifested by the act, in fact, no class. Clark vs. Finley, 54 SW 343, supra. Some of the tests for determining whether a pretended class is manifested by an act are laid down by McQuillan on Municipal Corporations, Volume 1, pages 498,499. We quote: 'The classification adopted must rest in real or substantial distinction, which renders one class, in truth, distinct or different from another class... There must exist a reasonable justification for the classification; that is, the basis of the classification invoked must have a direct relation to the purpose of the law...'"

In the case of Wood vs. Marfa Independent School District, 123 SW 2nd 429, the court used the following language:

"We take judicial knowledge that no other county in Texas has the qualification of area and population demanded by the statutes.....It is sufficient to say here that when we look to the practical operation of the act, we are led to the conclusion that beyond doubt it was the purpose of the legislature to single out Presidio County and make the act applicable to that county alone. Bexar County vs. Tynan, 97 SW 2nd 467. For that reason the act is a local act and one

which it was beyond the power of the Legis-
lature to enact. Vernon's Annotated Civil
Statutes, Texas Constitution, Article 3, Sec-
tion 56; Brownfield vs. Tongate, 109 SW 2nd
352; City of Fort Worth vs. Bobbitt, 36 SW
2nd, 470; Fritter vs. West, 65 SW 2nd 414;
Austin Bros. Vs. Patton, 288 SW 182; Smith
vs. State, 49 SW 2nd 739."

This department held in its opinion No. 0-18
on March 6, 1939, that Articles 2372e-1 and 5221b-23,
Revised Civil Statutes of Texas, 1925, the former being
applicable to counties having a population of not less
than forty-eight thousand, nine hundred (48,900) and
not more than Forty-nine thousand (49,000) and the latter
applying to counties with a population of not less than
forty-eight thousand, nine hundred (48,900) and not more
than forty-eight thousand, nine hundred and seventy-five
(48,975) and counties with a population of not less than
ten thousand, three hundred and seventy (10,370) and not
more than ten thousand, three hundred and eighty (10,380),
according to the last preceding Federal Census, were un-
constitutional and void as special laws under Section 56,
Article 3 of the state Constitution, citing the case of
the City of Fort Worth vs. Bobbitt, 36 SW 2nd 470.

This department held in its opinion No. 0-364,
on March 1, 1939, that Article 3902, Section 3a thereof,
Revised Civil Statutes of Texas, 1925, providing for an
office assistant, bookkeeper and stenographer in counties
having a population of not less than forty-eight thousand
nine hundred (48,900) and not more than forty-nine thousand
(49,000) inhabitants, according to the last preceding Fed-
eral Census, was void under Article 3, Section 56, of the
State Constitution.

This department held in its opinion No. 0-462,
on March 21, 1939, that House Bill 632, 46th Legislature,
which provides for the attachment of adjacent territory
for zoning purposes by towns of not less than four thou-
sand (4,000) inhabitants within counties of not less than

three hundred thousand (300,000) and not more than
three hundred and fifty thousand (350,000) inhabitants
according to the last preceding Federal census, was un-
constitutional in that it attempted to enact a local
law and fell within the prohibition of Article 3, Sec-
tion 56 of the Constitution of Texas.

We are of the opinion that House Bill No. 866
of the 46th Legislature of Texas, quoted above, is clear-
ly unconstitutional and violates Section 56 of Article
3 of the Constitution of Texas.

Therefore, you are respectfully advised that
it is the opinion of this department that House Bill No.
866 of the 46th Legislature of Texas is unconstitutional.
You are further respectfully advised that it is the opin-
ion of this department that the commissioners' court
would not be justified in paying the commissioners any
sums of money as traveling expenses under this unconstitu-
tional law.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

WFJ:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS